IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILFRED L. ANDERSON,**

      **Plaintiff,**

  v.                                    Civil Action 2:25-cv-0168
                                          Judge Algenon L. Marbley
                                          Magistrate Judge Elizabeth P. Deavers

**STATE OF OHIO,**

      **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 1.) Plaintiff improperly attached three different Complaints with related "briefs" to this application[1] regarding his state court vexatious litigator designation and a state court civil protection order entered against him. (ECF No. 1-1.) As an initial matter, the Court **STRIKES** ECF Nos. 1-1–1-8. Plaintiff cannot file multiple Complaints in a single action. Further, for the following reasons, the Undersigned **RECOMMENDS** that Plaintiff's Application be **DENIED**.

This Court has the inherent power to revoke or deny a plaintiff's privilege of proceeding *in forma pauperis* or impose other restrictions if the plaintiff files "frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–5 (S.D. Ohio Jan. 7, 2014) ("A prolific litigator may be required to obtain leave of Court before any further complaints will be accepted for filing . . . and the Court may deny a vexatious litigant permission to proceed in forma pauperis." (internal citation omitted)); *see also In re McDonald*,

---

[1] The Court notes that Plaintiff submitted the wrong form, but its recommendation would not be different if Plaintiff filed the correct form.

489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Hopson v. Secret Service*, No. 3:12-CV-770-H, 2013 WL 1092915, at *1–3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10-CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-CV-1023, 2010 WL 2384535, at *2–3 (W.D. Mich. June 10, 2010).

Plaintiff is well-acquainted with the federal and Ohio state court systems—the United States District Court for the Northern District of Ohio and Ohio state courts have designated Plaintiff as a vexatious litigator. *Anderson v. Corrigan*, No. 1:23-CV-2262, 2023 WL 8190129, at *1 (N.D. Ohio Nov. 27, 2023), *aff'd*, No. 23-4032, 2024 WL 5278791 (6th Cir. July 1, 2024). Plaintiff filed **twelve** actions in the Northern District challenging his state court vexatious litigator designation. (*Id.*)

> The first six cases filed in this Court were dismissed under 28 U.S.C. § 1915(e). Specifically, this Court held that it does not have jurisdiction to overturn a state court judgment, and cannot enjoin them from enforcing their judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Younger v. Harris*, 401 U.S. 37, 44–45 (1971). This Court cannot rehear matters that were already decided by the state courts as they are barred by *res judicata*. Furthermore the Judges and the Courts are immune from damages. Plaintiff was told that regardless of whether the Judges of this federal court agree or disagree with the findings and judgments of the state courts, they cannot consider the merits of Plaintiff's claims or grant him relief.
>
> Nevertheless, even after repeatedly receiving this information, Plaintiff continued to file cases in this Court against the same Defendants pertaining to the same matters and trying to find a new procedural loophole which will allow this Court to intervene and overturn the state courts' judgments. He has filed civil rights actions seeking damages, and civil rights actions seeking injunctive relief or declaratory relief. He also filed Mandamus actions, Motions for Relief from Judgment under Federal Rule 60(b), and a Notice of Constitutional Challenge.

*Id.* at *1–2.

Finding his remedies now cut off in state court and the Northern District, Plaintiff seeks to persuade the United States District Court for the Southern District of Ohio to do what innumerable judges have explicitly informed Plaintiff is impossible. Plaintiff's first Complaint seeks a declaratory judgment that his state court vexatious litigator designation is void. (ECF No. 1-1, PageID 3–12.) Plaintiff's second Complaint seeks a declaratory judgment that a state court civil protection order entered against him is void. (*Id.* at PageID 28–41.) Plaintiff's third Complaint seeks a declaratory judgment that Ohio Revised Code § 2323.52 is unconstitutional. (*Id.* at PageID 48–54.)

The Court will not belabor the futility of Plaintiff's filing; instead, in the interest of judicial efficiency, the Court liberally quotes from Judge Polster's decision:

> When one court has already resolved the merits of a case, another court will not revisit them. *Id.* Plaintiff has already litigated this issue in eleven prior cases in this federal Court. **A decision on an issue by one federal court bars Plaintiff from filing another case in federal court to relitigate the same issue.** In addition, this Court must give full faith and credit to the state court judgment declaring him to be a vexatious litigator. *Res judicata* bars him from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). **This matter has been addressed multiple times by state and federal courts. It is no longer open for discussion**.

*Id.* at *2 (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) (emphasis added). While Plaintiff's second Complaint does not directly involve his state court vexatious litigator designation, it still seeks the same prohibited relief as the other two Complaints and relates to the state court litigation connected to his vexatious litigation designation. (ECF No. 1-1, at PageID 28–41.)

The Undersigned finds this case frivolous, harassing, and duplicative.  In light of Plaintiff's conduct in the Southern District of Ohio,[2] Northern District of Ohio, and the State of Ohio, the Undersigned finds it necessary to impose restrictions on Plaintiff's privilege to proceed *in forma pauperis*.  Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's request to proceed *in forma pauperis* be **DENIED**.  The Undersigned further **CAUTIONS** Plaintiff that if he continues to file frivolous, harassing, or duplicative lawsuits, the Court may impose more severe sanctions, including designating him as a **vexatious litigator**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

---

[2] Plaintiff has also filed three cases in the Southern District of Ohio seeking relief from his state court criminal conviction.  2:24-CV-1951; 2:24-CV-3243; 2:24-CV-3422.

4

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: April 30, 2025                          /s/ *Elizabeth A. Preston Deavers*
                                              ELIZABETH A. PRESTON DEAVERS
                                              UNITED STATES MAGISTRATE JUDGE