**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILFRED L. ANDERSON, M.D.,** | : | |
| | : | **Case No. 2:25-cv-168** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge S. Courter Shimeall** |
| **STATE OF OHIO,** | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (ECF No. 7) that *pro se* Plaintiff Wilfred L. Anderson's application to proceed *in forma pauperis* (ECF No. 1) be denied. Anderson timely objected to the Magistrate Judge's Report and Recommendations. (ECF No. 8). For the following reasons, the Court **OVERRULES** Anderson's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation in relevant part, and **DISMISSES** the case. The Court further finds Anderson to be a **VEXATIOUS LITIGANT**, **ENJOINING** him as such.

## I.    BACKGROUND

This case is one of many that Plaintiff Anderson has filed over the years "seeking to void a state court vexatious litigator determination" that he believes "was entered without jurisdiction and obtained through fraud upon the court." (Compl., ECF No. 1-1 ¶ 1). Anderson previously attempted to sue Cuyahoga County Common Pleas Court Judge Peter J. Corrigan in the Northern District of Ohio, "ask[ing] [the Northern District of Ohio] to order Judge Corrigan to declare that judgment to be void, and to issue judgment in his favor." *Anderson v. Corrigan*, 2023 WL 8190129, at *1 (N.D. Ohio Nov. 27, 2023). In that Northern District of Ohio case, Judge Polster

1

observed that Anderson had challenged Judge Corrigan's decision in the state court system by filing "numerous motions and additional actions and appeals," but to no avail. *Id.* Undeterred, Anderson turned to the federal court system to seek relief. *Anderson v. Corrigan* was the **twelfth** case Anderson had filed in the Northern District of Ohio to contest the state court judgment. *Id.* The Northern District of Ohio consistently reasoned that it lacked jurisdiction to overturn the state court judgment—in part due to the *Rooker-Feldman* doctrine[1]—while also noting that rehearing the matter would also violate the principles of *res judicata*. *See id.* Despite these rulings, Anderson "continued to file cases in [the Northern District of Ohio] against the same Defendants pertaining to the same matters" in an attempt to "find a new procedural loophole" that might allow federal court intervention and the overturning of state court judgments, ultimately leading Judges Adams and Oliver to enjoin him from proceeding *in forma pauperis* in further cases. *Id.* at *2.

Anderson then paid so that he could file suit in *Anderson v. Corrigan*, but the filing fee did not save that case. Judge Polster screened his complaint and *sua sponte* dismissed it for being frivolous, devoid of merit, and no longer open to discussion, reasoning that Anderson's suit ran afoul of the *Rooker-Feldman* doctrine and was separately barred by *res judicata*. *Anderson*, 2023 WL 8190129, at *2 (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam)). But Judge Polster went further than merely dismissing Anderson's case. Determining that Anderson would "continue to litigate this same matter *ad infinitum* unless [the Court] impose[d] some additional restrictions," Judge Polster declared Anderson to be a vexatious litigant and permanently enjoined him from filing further lawsuits or other documents without first obtaining leave of the Northern District of Ohio. *Id.* at *3. Anderson appealed, and the Sixth Circuit affirmed

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).

both the *sua sponte* dismissal under the *Rooker-Feldman* doctrine and the vexatious-litigator designation. *Anderson v. Corrigan*, 2024 WL 5278791, at *1–2 (6th Cir. July 1, 2024).

Undaunted by his failure to obtain relief in the Northern District of Ohio, Anderson once again sues. He challenges the Cuyahoga County Court of Common Pleas' determination that he is a vexatious litigator, and seeks to file *in forma pauperis*, without the payment of fees. (ECF No. 8 at 1; *e.g.*, Compl., ECF No. 1-1 ¶¶ 1, 19–21; *id.* at 10). The Magistrate Judge recommended that Anderson's application to proceed *in forma pauperis* be denied, and struck multiple additional complaints he sought to file in this action. (ECF No. 7 at 1).

## II.    LAW & ANALYSIS

*Pro se* litigants are given more latitude than parties proceeding with counsel. *See Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). This does not mean, however, that *pro se* litigants benefit from any "lenient treatment of substantive law." *Johnson v. Stewart*, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010). For instance, *pro se* actions that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" divest the federal court of subject matter jurisdiction and may be dismissed by the court on its own accord. *Apple*, 183 F.3d at 479. Similarly, actions brought by plaintiffs proceeding *in forma pauperis* may be dismissed "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

Anderson has litigated and lost on the issues presented in this case, and yet he still seeks to bring them before the Court. That alone divests the Court of subject-matter jurisdiction under *Apple*, because multiple federal courts have already concluded that these issues are no longer open to discussion. As the Supreme Court has instructed, federal jurisdiction may be lacking where a party seeks to raise a question and that question's "unsoundness so clearly results from the previous

3

decisions of [the] court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citation and internal quotation marks omitted). Anderson's suit fails for this reason. But it also fails independently under the *Rooker-Feldman* doctrine.

### A. *Rooker-Feldman*

The Magistrate Judge determined that Anderson's case was "frivolous, harassing, and duplicative" given that Anderson was now "seek[ing] to persuade" the Court to attack the merits of the state court judgment declaring him to be a vexatious litigant, which "innumerable judges" have told him is impossible. *Anderson v. Ohio*, 2025 WL 1373105, at *2 (S.D. Ohio Apr. 30, 2025) (ECF No. 7 at 3–4) (Deavers, M.J.). Relying on Judge Polster's reasoning, the Magistrate Judge reiterated that Anderson's sought relief would violate the *Rooker-Feldman* doctrine and run afoul of *res judicata*. *Id.* at *2–3.

The *Rooker-Feldman* doctrine bars federal courts from considering cases that are: (1) "brought by state-court losers"; (2) who "complain[] of injuries caused by state-court judgments"; (3) when the state-court judgments were "rendered before the district court proceedings commenced"; and (4) "invit[e] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

If the *Rooker-Feldman* doctrine applies, the Court lacks jurisdiction over Anderson's suit. "The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the [United States] Supreme Court." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402, 402 n.2 (6th Cir. 2020) (citation and internal quotation marks omitted). Thus, the Court must consider the applicability of the *Rooker-Feldman* doctrine as a threshold issue.

4

In his objection, Anderson argues that the Magistrate Judge's reasoning was flawed, because both state and federal courts, including Judge Polster, failed to "substantively address[] the core issue of whether the underlying state court judgment of March 6, 2015, declaring [Anderson] a vexatious litigator [] is void *ab initio* for lack of jurisdiction and . . . procurement through fraud." (ECF No. 8 at 1).  In his view, the state court's judgment was void, and he is bringing a collateral attack on that judgment—not an appeal. (*Id.* at 5).  He posits that a state court judgment without jurisdiction or laden with fraud cannot be a "legally cognizable judgment" and *Rooker-Feldman*'s jurisdictional bar would not apply.  Thus, he says that his repeat filings should not be taken as vexatious conduct, but rather as an attempt to be understood as an attempt to draw court attention to *Rooker-Feldman* being applied as a jurisdictional bar across Anderson's cases, and thus "cascading" across them.  (*Id.* at 12–13).

But Anderson's designation as a vexatious litigant in the Northern District of Ohio is separate from the *Rooker-Feldman* issue.  If the four requirements of the *Rooker-Feldman* doctrine are met, Anderson's case cannot be brought in federal court.  Should he persist in attempting to bring such an action, designating him as a vexatious litigant and curtailing his filing privileges may be warranted.

Two of the four requirements of the *Rooker-Feldman* test can be thought of as loosely procedural.  *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).  These requirements evaluate the posture of Anderson's state court suit and his timing in bringing the instant case.  Anderson lost in state court, which is why he raises a collateral attack on the state court judgment.  And the state court's judgment was rendered years before he commenced this instant suit.  Thus, the two procedural requirements for the *Rooker-Feldman* doctrine to bar the case are met.

The other two requirements can be thought of as substantive.  The inquiry into whether the plaintiff "complain[s] of an injury *caused* by a state-court judgment" is at the "core" of *Rooker-Feldman*.  *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018).  Anderson's entire case is founded on his theory that the state court judgment was wrong, and he was injured by that wrong.  Thus, this requirement is also met.  Last, the *Rooker-Feldman* inquiry asks whether Anderson invites the Court to review and reject that state-court judgment.  He does.  Although he tries to posture his case as a "collateral attack" rather than a "direct appeal," that is a distinction without a difference for the purposes of *Rooker-Feldman*.  Anderson's case invites the Court to review and reject the state court's judgment, satisfying the final requirement for the *Rooker-Feldman* doctrine jurisdictionally to bar his case.  Each *Rooker-Feldman* element is met, and the doctrine applies.

Anderson's void *ab initio* and fraud challenges to the validity of the state court judgment are irrelevant.  The void *ab initio* exception "has been applied in certain bankruptcy contexts," involving "action that usurps or limits a bankruptcy court's authority in its domain."  *In re Goodman*, 2015 WL 3507119, at *4 (N.D. Ohio Bankr. June 1, 2015).  Aside from his conclusory assertion that the state court lacked jurisdiction, Anderson has failed to provide any authority showing that this exception would be applicable here.  Thus, this objection is without merit.  *See Kerr v. Pollex*, 2023 WL 8358798, at *3 (6th Cir. Aug. 11, 2023) (appellant challenging state court criminal judgment for being void *ab initio* "fail[ed] to identify any legal authority permitting a federal court to declare a state-court criminal judgment void ab initio").

Anderson's fraud argument likewise fails.  An attack on a state court judgment that asserts the judgment was "obtained fraudulently" is still be barred by *Rooker-Feldman*, because a review of the attack would require "the federal court to review the state court proceeding" to determine that the judgment "was issued in error."  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d

423, 427 (2d Cir. 2014).  If Anderson was the "victim[] of fraud perpetrated" in the state-court action, his remedy to challenge that judgment is to "appeal the judgment through the state-court system and then to seek review by writ of certiorari from the U.S. Supreme Court." *Bush v. Reliant Bank*, 2023 WL 5275025, at *3 (6th Cir. Apr. 10, 2023) (citation and internal quotation marks omitted).  As Judge Watson recently observed in another suit brought by Anderson, Anderson does not file federal lawsuits alleging fraud in state court proceedings " to hold a party liable for fraud *without* disturbing the state-court judgment; his goal is to invalidate the state-court judgment," rendering his claims "precisely within" the realm of *Rooker-Feldman*.  *Anderson v. Ohio*, No. 2:25-cv-1325, 2026 WL 84055, at *2 (S.D. Ohio Jan. 12, 2026) (Watson, J.).  Thus, while nothing would prevent Anderson from seeking damages caused by a third-party for alleged "misconduct in procuring a state court judgment," he cannot seek redress "for injuries directly caused by that judgment."  *Limtung v. Thomas*, 2021 WL 4443710, at *5 (E.D.N.Y. Sept. 28, 2021) (quoting *Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021)); *see Berry v. Schmidt*, 688 F.3d 290, 299 (6th Cir. 2012) (directing the *Rooker-Feldman* inquiry to the source of the injury); *compare Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 276 (S.D.N.Y. 2018) (claims for fraudulent concealment not barred since they do not require federal court review of underlying state court action).

As the Magistrate Judge correctly determined, Anderson's lawsuit is barred by the *Rooker-Feldman* doctrine.  Anderson's objections on this issue are without merit and overruled.  Thus, the Court lacks jurisdiction to hear Anderson's suit, and need not consider whether his cause of action is separately barred by the doctrine of *res judicata*, or claim preclusion.  *See Exxon Mobil Corp.*, 544 U.S. at 293 ("Preclusion, of course, is not a jurisdictional matter. . . . [F]ederal jurisdiction

7

over an action does not terminate automatically on the entry of judgment in [a parallel] state court [case].").

## B.  Vexatious Litigant

Next, the Court considers the Magistrate Judge's finding that this case is "frivolous, harassing, and duplicative." (ECF No. 7 at 4).  Undoubtedly, this case is all three.  Anderson seeks the same relief that he already sought and did not obtain from the Northern District of Ohio.  He "has been told multiple times that [lower federal courts] do[] not have jurisdiction to overturn a state court judgment, and cannot enjoin a state court from enforcing its judgments." *Anderson*, 2023 WL 8190129, at *2.

Unsatisfied, Anderson is attempting an end-run around prior federal court decisions.  He believes that he is entitled to do so because, in his mind, Judge Polster's unfavorable opinion "exemplifies a poorly considered, incompetent, 'monkey-see monkey-do' cascade response, failing to engage with [Anderson's] substantive legal arguments."  (ECF No. 8 at 17).  What Anderson omits, however, is that Judge Polster's decision was affirmed by the United States Court of Appeals for the Sixth Circuit after Anderson appealed it.  *Anderson*, 2024 WL 5278791, at *1. Thus, his contention that Judge Polster's opinion violated his due process rights "contrary to controlling Sixth Circuit precedent," (ECF No. 8 at 2), is flatly contradicted by the Sixth Circuit's decision case affirming Judge Polster.

This Court does not sit in appellate review of its sister court in the Northern District of Ohio.  Nor can it second-guess the judgment of the Sixth Circuit, which affirmed Judge Polster and determined that:  (1) "*Rooker-Feldman* bars Anderson's complaint"; and (2) Judge Polster "did not abuse [his] discretion in declaring Anderson a vexatious litigator and subjecting him to prefiling restrictions." *Anderson*, 2024 WL 5278791, at *2.  Despite the fact that this matter has

8

already been considered, decided, appealed, and affirmed, Anderson believes that the United States District Court for the Southern District of Ohio will alter the legal landscape on his behalf. It will not. Moreover, given Anderson's penchant for profligate *pro se* filing[2] and his total disregard for the rulings of other federal trial and appellate courts, the Court joins its sister court in finding that Anderson is a vexatious litigant. Pre-filing restrictions are necessary to stop the flow of his meritless filings, given his disregard for prior unfavorable court decisions. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *accord Anderson*, 2023 WL 8190129, at *3.

Anderson has no right to pursue meritless claims that other federal courts have reviewed and rejected. *See Hutchison v. Biden*, 2026 WL 1169898, at *2 (S.D. Ohio Apr. 30, 2026) (Marbley, J.) (no right of access to courts to file frivolous papers). When he brings such claims repeatedly, he does so at public expense, "divert[ing] the federal courts' attention and resources from [actions] that are brought in good faith." *Wrenn v. Vanderbilt Univ. Hosp.*, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995). This is an abuse of the legal system, and Anderson does not have a right of access to the courts to continue to attempt to prosecute this frivolous action. The Court has inherent authority to enjoin harassing litigation under the All Writs Act. *Id.*; 28 U.S.C. § 1651(a) (Courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). Accordingly, Wilfred L. Anderson is **ENJOINED AND PROHIBITED** from initiating future cases in this Court unless he:

1. Submits a statement from an attorney licensed to practice in the United States District Court for the Southern District of Ohio certifying that the filing is not frivolous, duplicative, or brought for an improper purpose; or

---

[2] The Ohio Supreme Court also declared Anderson a vexatious litigant in 2019. *Anderson v. Gaul*, 2019-Ohio-3797; *see also In re Anderson*, 2025-Ohio-3106 (denying Anderson's request for leave to institute legal proceedings).

2. Seeks and obtains leave of the Court for permission, by first filing a "Motion Pursuant to Court Order Seeking Leave to File" with his proposed filings included.

Any future case that Anderson initiates **SHALL** include (1) a copy of this Opinion and Order; (2) an exhibit listing the case name, case number, and court of every suit that Anderson has filed (or has been filed on his behalf) in any state or federal court, along with the names of every defendant in every suit. Anderson's failure to comply with this pre-filing restriction shall be sufficient grounds for closure of any newly-initiated case, and may lead to punishment for contempt of court. Absent compliance with the above restrictions, the Clerk of Court **SHALL NOT** accept future *pro se* filings from Wilfred L. Anderson, and is instructed to dispose of such non-compliant documents accordingly.

### III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 7) in relevant part and **DENIES** Plaintiff Wilfred Anderson's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). Plaintiff's Motion for Leave to File a Supplemental Memorandum of Law (ECF No. 11) is **DENIED** as moot. Wilfred L. Anderson is **DECLARED** to be a **VEXATIOUS LITIGANT** and must follow pre-filing restrictions before initiating further actions in the U.S. District Court for the Southern District of Ohio. Furthermore, the Court certifies that any appeal of this opinion would not be taken in good faith and should not be permitted to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(3). The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: May 4, 2026**

10